IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **REBECCA PATE GLASS** § | | **PLAINTIFF** |
| § | | |
| § | | |
| v. § | | Civil Action No. 1:15cv52-HSO-JCG |
| § | | |
| § | | |
| **CITY OF GULFPORT,** § | | |
| **MISSISSIPPI, a Municipal** § | | |
| **Corporation, and UNKNOWN** § | | |
| **JOHN AND JANE DOES, A-Z** § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART WITHOUT PREJUDICE DEFENDANT'S [2] MOTION
TO DISMISS, DISMISSING PLAINTIFF'S FEDERAL CLAIMS, AND
REMANDING CASE TO STATE COURT**

BEFORE THE COURT is the Motion to Dismiss [2], or alternatively for Summary Judgment, filed by Defendant City of Gulfport, Mississippi. This Motion is now fully briefed. After due consideration of the Motion, the record, and relevant legal authorities, the Court finds that Defendant's Motion to Dismiss [2] should be granted in part as to Plaintiff's federal claims and denied in part without prejudice as to Plaintiff's state law claims. Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and will remand this matter to state court.

I. BACKGROUND

Plaintiff Rebecca Pate Glass ("Plaintiff") filed her Complaint [1-2] against the City of Gulfport, Mississippi (the "City" or "Defendant"), in the Circuit Court of

Harrison County, Mississippi, First Judicial District, on January 22, 2015. The Complaint alleges that the City was aware of an open drain in Plaintiff's mother's yard that was in need of a grate, and appears to suggest that Plaintiff's mother's dog may have fallen into the open drain. Compl. [1-2] at 6. Plaintiff also claims that the construction, design, maintenance, or lack of maintenance of the street fronting her mother's real property, which later became Plaintiff's property (the "Property"), has "diverted increased quantities of surface water upon the Property so as to cause unnatural flooding" and "significant damage to the Property." *Id.* at 7. Plaintiff has attached a Forensic Structural Investigation report prepared by civil engineer Kenneth B. Piaskowski to her Complaint. *Id.* at 6; Report [1-2] at 10-15. The Complaint advances claims against the City for inverse condemnation, negligence, and purported civil rights violations under 42 U.S.C. §§ 1983, 1985, and 1986. Compl. [1-2] at 7-8. The City removed the case to this Court on February 23, 2015, invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331. Notice of Removal [1] at 2-3.

On March 2, 2015, the City filed its Motion to Dismiss [2] pursuant to Federal Rule of Civil Procedure 12, or alternatively for summary judgment pursuant to Rule 56. Def.'s Mot. [2] at 1-2. The City contends that "[n]one of Plaintiff's federal law claims have merit." Def.'s Mem. in Supp. of Mot. [3] at 2. The City argues that Plaintiff's § 1985 claim fails because Plaintiff has not pleaded any racial or class-based discriminatory animus. *Id.* at 2-3. The City maintains that because she has pleaded no valid § 1985 claim, Plaintiff's § 1986 claim cannot

succeed. *Id.* at 4. According to the City, the basis of Plaintiff's § 1983 claim appears to be the Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment. *Id.* at 4-5. The City asserts that Plaintiff has not shown that this claim is ripe for review. *Id.* at 5-6.

The City also argues that Plaintiff's state law claim for negligence falls within the purview of the Mississippi Tort Claims Act, Miss. Code §§ 11-46-1, *et seq.* ("MTCA"), but that Plaintiff has not submitted a requisite notice of claim such that her negligence claim should be dismissed. *Id.* at 6-7 (citing Miss. Code § 11-46-11(1)). The City alternatively contends that the negligence claim is barred by the applicable one-year statute of limitations. *Id.* (citing Miss. Code § 11-46-11(3)).

In her Response [4], Plaintiff points to the Forensic Structural Investigation report attached to her Complaint and posits that "the improperly diverted water constitutes an unconstitutional 'taking' of the property of the Plaintiff . . . ." Pl.'s Resp. [4] at 1. Plaintiff argues that "the interests of justice demands [sic] that a Plaintiff be allowed the right to pursue discovery to pursue their [sic] claims." *Id.* at 2. According to Plaintiff, "Defendant's Motion to Dismiss . . . is premature and not well founded." *Id.* at 3. Plaintiff, who is represented by counsel, has not sought leave to amend her Complaint.

## II.  DISCUSSION

A.  <u>Relevant Legal Standards</u>

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to

relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Gil Ramirez Group, L.L.C. v. Houston Indep. School Dist.*, 786 F.3d 400, 408 (5th Cir. 2015) (quotation omitted); *see also Iqbal*, 556 U.S. at 678. "The fundamental question is whether the plaintiff states a claim on which relief may be granted." *Morris v. PLIVA, Inc.*, 713 F.3d 774, 776 (5th Cir. 2013).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). However, documents attached to a motion to dismiss which are referred to in a complaint and are central to the plaintiff's claims may be considered in assessing a motion to dismiss. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court may also take judicial notice of public records under Federal Rule of Evidence 201 when considering a Rule 12(b)(6) motion to dismiss. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

The City attached to its Rebuttal [5] a Warranty Deed [5-1] and a plat map [5-2]. While these appear to be public records, the Court will not consider these two exhibits pursuant to Rule 12(d), and will treat the City's Motion as one to dismiss under Rule 12(b)(6).

B.   Plaintiff's Federal Claims

   1.   Plaintiff's Claim Under 42 U.S.C. § 1983

42 U.S.C. § 1983 "is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). Based on the allegations contained in the Complaint, Plaintiff appears to plead, or to attempt to plead, both an inverse condemnation claim and a federal § 1983 claim under the Takings Clause. Compl. [1-2] at 7.[1] "The Takings Clause of the Fifth Amendment, made applicable to states through the Fourteenth Amendment, . . . directs that 'private property' shall not 'be taken for public use, without just compensation.'" *Urban Developers LLC v. City of Jackson*, 468 F.3d 281, 292 (5th Cir. 2006) (quoting U.S. Const. amend. V).

> The Supreme Court has adopted a two-prong test for ripeness under the Fifth Amendment's Takings Clause, explaining that such claims are not ripe until (1) the relevant governmental unit has reached a final decision as to how the regulation will be applied to the landowner; and (2) the

---

[1]The City argues that "[i]t is clear from the allegations and theory asserted in Plaintiff's Complaint (and despite the title given) that the state law claim being pursued by Plaintiff is grounded in negligence," rather than "inverse condemnation." Def.'s Mem. in Supp. of Mot. [3] at 7. The Court need not resolve this question, as both are state law claims. The Court will assume for the sake of argument that the Complaint states a claim for inverse condemnation.

>plaintiff has sought compensation for the alleged taking through whatever adequate procedures the state provides.

*Id.* at 292-93 (citing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985)).

"Mississippi provides relief for inverse condemnation." *L & F Homes and Dev., L.L.C. v. City of Gulfport, Miss.*, 538 F. App'x 395, 407-08 (5th Cir. 2013) (citing Miss. Const. art. 3, § 17).  "Under Mississippi law, a property owner may bring an inverse condemnation action to obtain just compensation for governmental takings." *Kessler v. City of Jackson, Miss.*, 43 F.3d 671, 1994 WL 725180, at *2 (5th Cir. Dec. 23, 1994) (citing Miss. Const. art. 3, § 17).

Plaintiff has not pleaded, and the record does not reflect, that the relevant governmental unit has reached a final decision or that Plaintiff has sought compensation for the City's alleged taking through whatever adequate procedures the State of Mississippi provides.  *See Urban Developers LLC*, 468 F.3d at 292-93. The United States Court of Appeals for the Fifth Circuit has held that a plaintiff cannot ripen a federal takings claim by simultaneously bringing federal and state takings claims.  *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 385-86 (5th Cir. 2001) (citing *Samaad v. City of Dallas*, 940 F.2d 925, 934 (5th Cir. 1991)). Because Plaintiff's takings claim is not yet ripe, the Court must dismiss it without prejudice.  *See Urban Developers*, 468 F.3d at 292-94.

    2.    <u>Plaintiff's Claims Under 42 U.S.C. § 1985</u>

Plaintiff does not specify which subsection of § 1985 supplies the basis of her claims, but the Court notes that only subsections (2) and (3) are potentially relevant

based upon Plaintiff's allegations.[2] The Fifth Circuit has held that "[s]ubsection (3) prohibits conspiracies to 'depriv[e] . . . any person or class of persons the equal protection of the laws' and those aimed at preventing a person from lawfully voting. Subsection (2) concerns conspiracies directed at the right of participation in federal judicial proceedings." *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (quoting 42 U.S.C. § 1985(3)).

> To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

*Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994) (citations omitted). A plaintiff must also show that the conspiracy was motivated by a racially-based or class-based animus. *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010); *Hilliard*, 30 F.3d at 653. The Fifth Circuit "has held that the class-based animus requirement of § 1985(3) applies equally to causes of action under the second clause of § 1985(2)," *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 687 (5th Cir. 2010), such as Plaintiff's claims in this case.

Plaintiff's Complaint is devoid of any facts alleging that a conspiracy involving the City was motivated by any racial or class-based animus. Plaintiff has

---

[2] "Subsection (1) prohibits conspiracies to prevent federal officers from performing the duties of their offices 'by force, intimidation, or threat.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (quoting 42 U.S.C. § 1985(1)). "[Section] 1985(1) is not applicable to state officials." *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998).

therefore failed to state a plausible claim for relief under either 42 U.S.C. §§ 1985(2) or 1985(3).  *See id.*; *see also Iqbal*, 556 U.S. at 678.

Even if Plaintiff had alleged racial or class-based animus, her § 1985 claims would nevertheless fail.  Under § 1985, "a corporate entity and its employees constitute a 'single legal entity which is incapable of conspiring with itself.'" *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998) (quoting *Hilliard*, 30 F.3d at 653).  In one case, the Fifth Circuit held that "[t]he City of Houston is a single legal entity and, as a matter of law, its employees cannot conspire among themselves," such that a § 1985 claim against the City of Houston and its employees could not stand.  *Swilley v. City of Houston*, 457 F. App'x 400, 404 (5th Cir. 2012) (citing *Benningfield*, 157 F.3d at 378).  The Court finds this reasoning persuasive.  The Complaint in the present case faults the actions and inactions of the City, its engineer, and his assistant.  Compl. [1-2] at 6.  However, the City and its employees cannot conspire among themselves.  *See Swilley*, 457 F. App'x at 404.  Plaintiff's conspiracy claims under 42 U.S.C. § 1985 fail for this reason as well.  *See id.*

        3.     <u>Plaintiff's Claim Under 42 U.S.C. § 1986</u>

"Section 1986 penalizes those with knowledge of and the power to prevent § 1985 conspiracies who fail to do so."  *Bryant*, 597 F.3d at 687 (citing 42 U.S.C. § 1986).  When a plaintiff fails to demonstrate a claim under 42 U.S.C. § 1985, "by definition [the plaintiff] cannot sustain a claim under § 1986."  *Lockett*, 607 F.3d at 1002 (citing *Galloway v. State of La.*, 817 F.2d 1154, 1159 n.2 (5th Cir. 1987)).  Because the Complaint in this case fails to state a claim under § 1985, it likewise

fails to state a claim under § 1986. *See id.* Plaintiff's 42 U.S.C. § 1986 claim will be dismissed without prejudice.

C.    <u>Supplemental Jurisdiction</u>

The Court's jurisdiction in this case was founded upon federal question jurisdiction. *See* 28 U.S.C. § 1331. The Court has determined that all of Plaintiffs' federal claims should be dismissed without prejudice, and it is clear from the record that diversity jurisdiction is lacking as both Plaintiff and the City are citizens of Mississippi.

"[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Under § 1367(c), however, a district court may decline to exercise supplemental jurisdiction if

> (1)    the claim raises a novel or complex issue of State law,
> (2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [or]
> (3)    the district court has dismissed all claims over which it has original jurisdiction . . . .

28 U.S.C. § 1367(c)(1)–(3).

No discovery has taken place in this case, and no case management order has been entered. Given the particular facts of the case and the nature of the state law claims presented, the Court is of the view that a state court would be better situated to resolve the remaining state law claims. Because the Court has dismissed all claims over which it had original jurisdiction, the Court declines to

exercise supplemental jurisdiction over Plaintiff's pendent state law claims, and will remand this matter to state court for further proceedings.

### III.  CONCLUSION

For the foregoing reasons, the City's Motion to Dismiss [2] will be granted in part as to Plaintiff's federal claims and denied in part without prejudice as to Plaintiff's state law claims.  The Court declines to exercise supplemental jurisdiction over the remaining state law claims and will remand this matter to state court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Dismiss [2] filed by Defendant City of Gulfport, Mississippi, is **GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE**, and Plaintiff's federal claims against Defendant City of Gulfport, Mississippi, are **DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that this civil action is remanded to the Circuit Court of Harrison County, Mississippi, First Judicial District, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this 7th day of July, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE